# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:23-cv-583-FDW

| | | |
|---|---|---|
| JEREMY LAMOND HENDERSON TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRAD HAYNES, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1].

The Plaintiff has paid the filing fee.

## I.    BACKGROUND

The pro se Plaintiff, as "Jeremy Lamond Henderson Trust ©,"purports to file this action

under the Court's federal question jurisdiction for relief pursuant to 18 U.S.C. §§ 241 and 242

[Doc. 1 at 3, 6]. He names as the sole Defendant Brad Haynes of the North Carolina Division of

Motor Vehicles. [Id. at 2]. He states his claim as follows:

> On August 9, 2019, MR. BRAD HAYNES of THE STATE OF NORTH
> CAROLINA DIVISION OF MOTOR VEHICLES POLICE DEPARTMENT
> committed false arrest, false imprisonment, defamation of character, and
> copyright/trademark infringement when he knowingly swore to a frivolous arrest
> warrant pertaining to JEREMY LAMOND HENDERSON©. The frivolous arrest
> warrant claims that Chief Trustee, Jeremy-Lamond:Henderson, TTEE willfully
> issued false information to the North Carolina Division of Motor Vehicles to obtain
> a North Carolina Driver's License using 6525 Dupont Drive Apt# 1-D, Charlotte,
> North Carolina, 28217 and 1040 DALE EARNHARDT BOULEVARD# 147,
> KANNAPOLIS, NC 28083. He claims to have made contact with the apartment
> complex to verify residency with no success. Ashford Place Apartments located at
> 6525 Dupont Drive, Charlotte, North Carolina 28217 is the first apartment
> community that I Chief Trustee Jeremy-Lamond:Henderson, TTEE lived upon
> relocating to Charlotte, North Carolina in June 2016. A warrant for arrest was
> issued for JEREMY LAMOND HENDERSON© as a result of the poor

performance and malfeasance in office on behalf of Mr. BRAD HAYNES and the North Carolina Division of Motor Vehicles. I, Chief Trustee Jeremy-Lamond:Henderson, TTEE have always ensured that the North Carolina Division of Motor Vehicles had all of the information that was needed to contact me if needed. They have my home and business address for JEREMY LAMOND HENDERSON TRUST©. Unfortunately, the North Carolina Division of Motor Vehicles made the mistake of misplacing my personal information and refuse to take accountability for their negligence in doing so.

[Doc. 1 at 5].

The Plaintiff appears to claim that his business license for North Carolina Protective Service was suspended as a result of the Defendant's actions. He seeks $3,000,000.00 in lost wages. [Id.].

## II.    STANDARD OF REVIEW

The Plaintiff is not a prisoner and he has paid the full filing fee.  "However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid."  Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). This case is, therefore, subject to frivolity review under the Court's inherent authority. See Patrick v. Boyd, No. 7:22-CV-185-D, 2023 WL 8813590, at *2 (E.D.N.C. Nov. 27, 2023), report and recommendation adopted, No. 7:22-CV-185-D, 2023 WL 8810763 (E.D.N.C. Dec. 20, 2023)

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

As a preliminary matter, the Plaintiff has signed his Complaint as "Jeremy Lamond Henderson Trust ©." [Doc. 1 at 6]. It appears that the Plaintiff may be attempting to adopt a tactic similar to "sovereign citizen" litigants seeking to challenge the court's jurisdiction over them. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F. App'x. 105, 106 n.1 (2d Cir. 2013). However, such sovereign citizen claims lack merit and are frivolous. See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [the] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status ... as a 'sovereign citizen' ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily ..."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was outside the court's jurisdiction as "completely without merit" and "patently frivolous"). To the extent that the Plaintiff attempts to sue as a sovereign citizen, therefore, this action cannot proceed and it is dismissed without prejudice. Even if the Plaintiff had signed the Complaint properly, it would fail initial review.

The Plaintiff purports to sue pursuant to 18 U.S.C. §§ 241 and 242, which are the criminal analogues of 42 U.S.C. §§ 1985(3) and 1983, respectively. See Griffin v. Breckenridge, 403 U.S. 88, 98 (1971); United States v. Cobb, 905 F.2d 784, 788 n.6 (4th Cir. 1990). "Generally, a private citizen has no authority to initiate a federal criminal prosecution … only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Accordingly, the Plaintiff's claims pursuant to §§ 241 and 242 fail as a matter of

law and this action cannot proceed. See Rankin v. Sykes, No. 1:18-cv-353, 2019 WL 203184, at *3 (M.D.N.C. Jan. 15, 2019).

The Plaintiff has failed to state any cognizable claim and, accordingly, the Court will exercise its inherent authority to dismiss the Complaint without prejudice.

## IV.    CONCLUSION

In sum, the Plaintiff has failed to state any cognizable claim and it is dismissed without prejudice pursuant to the Court's inherent authority.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted.  Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings.  Piecemeal amendment will not be allowed.  Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

### <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that:

1.  The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in this Order.

2.  The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED.**                    Signed: February 5, 2024

Frank D. Whitney
United States District Judge