UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-583-FDW

| JEREMY LAMOND HENDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| BRAD HAYNES, | ) | **ORDER** |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 4]. The Plaintiff has paid the filing fee.

## I. BACKGROUND

The pro se Plaintiff purports to file this action under the Court's federal question jurisdiction for relief pursuant to 18 U.S.C. §§ 241 and 242. [Doc. 1]. The Court dismissed the Complaint on initial review and granted Plaintiff the opportunity to amend.[1] [Doc. 3]. The Amended Complaint is now before the Court for initial review. [Doc. 4].

The Plaintiff names as the sole Defendant Brad Haynes, whom Plaintiff describes as "North Carolina Division of Motor Vehicles Police." [Id. at 5]. The Plaintiff purports to sue under 18 U.S.C. §§ 241 and 242 for "false arrest, false imprisonment and loss of wages." [Id. at 8]. He claims that, on September 9, 2020, Brad Haynes swore to an affidavit for Plaintiff's arrest, alleging that the Plaintiff applied for a North Carolina Driver License using an address where the Plaintiff

---

[1] The Plaintiff filed another action in this Court, Case No. 3:23-cv-730-FDW that was dismissed without prejudice as duplicative of the instant action on February 6, 2024. The Plaintiff filed an Amended Complaint in Case No. -730 notwithstanding the fact that the case has been closed. The Plaintiff is cautioned that repeated frivolous filings and/or failure to comply with this Court's orders and the applicable procedural rules may result in the imposition of sanctions including a pre-filing injunction.

never lived. Specifically, the Plaintiff claims that he had provided a NCDMV clerk with an apartment lease and utility statement to prove his address, however, the NCDMV "misplaced [his] documents and attempted to hold [him] accountable for their mistake." [Id. at 8]. Haynes investigated the Plaintiff by contacting the apartment community where Plaintiff lived to confirm his residence. Haynes was told by "a staff member employed by the community" that Plaintiff never lived there, which is "not true." [Id.]. Haynes then "swore to a frivolous warrant for arrest at the conclusion of the investigation," without having contacted the Plaintiff "to assist [Haynes] with resolving any questions, comments or concerns he had about [Plaintiff's] whereabouts." [Id.]. The Plaintiff then presented his apartment lease and supporting documents to the Mecklenburg County DA's office and the case was dismissed with prejudice. [Id.].

The Plaintiff has attached to his Amended Complaint a September 15, 2020, Mecklenburg County arrest warrant listing Brad Haynes as the Complainant for "IF – MAKING FALSE AFFIDAVITS PERJURY," Mecklenburg County District Court Case No. 20CR231562. [Doc. 4-1 at 2]. It states that Plaintiff:

> did SUBMIT AND SWEAR BEFORE THE DIVISION A REQUEST FOR A CHANGE OF ADDRESS ON HIS DRIVERS LICENSE KNOWING THE SAME [TO] BE FALSE. ON THREE OCCASIONS MR. HENDERSON'S INITIAL APPLICATION ON 07/27/2016 STATED HIS RESIDENCE TO BE 6525 DUPON DR. CHARLOTTE NC, CONTACT WITH THE APARTMENT COMPLEX REVEALED MR. HENDERSON TO HAVE NEVER BEEN A RESIDENT. ON 11/04/2016 MR. HENDERSON APPLIED FOR AN ADDRESS CHANGE TO 6241 SOUTH BLVD, CHARLOTTE NC, THIS IS THE ADDRESS OF THE POST OFFICE ACROSS THE STREE FROM MR. HENDERSON'S PREVIOUSLY ASSUMED ADDRESS. AGAIN ON 08/09/2019 MR. HENDERSON APPLIED FOR AN ADDRESS CHANGE TO 1040 DALE EARNHARDT BLVD, KANNAPOLIS NC, THIS WAS, AGAIN A POST OFFICE.

[Id.]. For injury, the Plaintiff claims that Defendant Haynes' false allegations resulted in the suspension of his security guard and patrol license for his company, North Carolina Protective

2

Services, Inc., for the past four years. [Doc. 4 at 2, 9]. He seeks $4 million in damages for lost wages. [Id. at 9].

## II. STANDARD OF REVIEW

The Plaintiff is not a prisoner and he has paid the full filing fee. "However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). This case is, therefore, subject to frivolity review under the Court's inherent authority. See Patrick v. Boyd, No. 7:22-CV-185-D, 2023 WL 8813590, at *2 (E.D.N.C. Nov. 27, 2023), *report and recommendation adopted*, No. 7:22-CV-185-D, 2023 WL 8810763 (E.D.N.C. Dec. 20, 2023)

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff purports to sue pursuant to 18 U.S.C. §§ 241 and 242. However, these federal criminal statutes provide no private cause of action, and he lacks standing to bring criminal charges. See Brown v. Truist Bank, No. 3:20-cv-239-MOC, 2021 WL 96254, at *1 (W.D.N.C. Jan. 11, 2021) (noting that a plaintiff in a civil lawsuit lacks standing to bring criminal charges); Olekanma v. Chippendale, No. CV ELH-19-1664, 2019 WL 2904666, at *2 (D. Md. July 3, 2019) (where the plaintiff alleged claims for damages under 18 U.S.C. §§ 241, 242, and several other

3

criminal statutes, holding that "[a]s a private citizen, [plaintiff] lacks standing to bring criminal charges") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Jones v. Mirza, 230 F. Supp. 3d 339, 342 (D. Del. 2017) (federal criminal statutes including 18 U.S.C. §§ 241, 242, 245 "do not serve to vest this court with jurisdiction and Plaintiff lacks standing to proceed under those statutes."). Therefore, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 fail as a matter of law and they are dismissed with prejudice.

Liberally construing the Amended Complaint as asserting claims for false arrest and false imprisonment under 42 U.S.C. § 1983, the Plaintiff has failed to state a plausible claim. Under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Section 1983 provides a federal cause of action for Fourth Amendment false arrest. Wallace v. Kato, 549 U.S. 384 (2007). "False imprisonment False arrest and false imprisonment overlap; the former is a species of the latter. Wallace, 549 U.S. at 387-88. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v.

4

Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013). Damages for a false arrest claim covers the time of the detention up until issuance of process or arraignment. Heck v. Humphrey, 512 U.S. 477, 484 (1994).

A party challenging the veracity of a warrant application must show that "the officer(s) deliberately or with a 'reckless disregard for the truth' made material false statements in the warrant application, Franks v. Delaware, 438 U.S. 154, 171 … (1978), or omitted from that application 'material facts with the intent to make, or with reckless disregard of whether they thereby made, the [application] misleading,' United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (citation omitted)." Humbert v. Mayor and City Council of Baltimore City, 866 F.3d 546, 556 (4th Cir. 2017). Reckless disregard can be evidenced by an officer acting "with a high degree of awareness of [a statement's] probable falsity," meaning that "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (quoting Wilson v. Russo, 212 F.3d 781, 788 (3d Cir. 2000)). Omissions are made with reckless disregard when the evidence demonstrates that a police officer "failed to inform the judicial officer of facts [he] knew would negate probable cause." Id. (quoting Beauchamp v. City of Noblesville, Inc., 320 F.3d 733, 743 (7th Cir. 2003)).

Here, the Plaintiff contends that Defendant Haynes received incorrect information from apartment complex staff and relied on that false information to obtain an arrest warrant. However, Plaintiff's vague and conclusory allegations fail to plausibly suggest that Haynes relied on inaccurate information deliberately or with reckless disregard of the truth; that the information he

5

received turned out to be incorrect is insufficient by itself. See generally English v. Clarke, 90 F.4th 636 (4th Cir. 2024) (an officer who reasonably believes that a victim's identification was accurate cannot later be held liable for violating the constitution because it later turns out that it was not). Moreover, the Plaintiff has failed to plausibly allege that the apartment information was material. The warrant includes two additional incidents when Plaintiff changed his address to post offices, which Plaintiff does not dispute, and thus it appears that there were two additional bases for probable cause even if the apartment information were omitted from the warrant application. See MacDonald v. Anderson Cnty. Sheriff's Ofc., 2022 WL 4376083 (4th Cir. 2022) (even if plaintiff demonstrated reckless or intentional omission of facts, the Fourth Amendment claim failed because plaintiff failed to demonstrate that the omitted information did not negate probable cause). The Plaintiff has thus failed to plausibly allege either that Defendant Haynes violated his Fourth Amendment rights, and his claims for false arrest/false imprisonment claims are therefore dismissed.[2]

To the extent that the Plaintiff disagrees with the Defendant's investigatory techniques, including by contacting the apartment complex and by declining to contact the Plaintiff for information, this fails to state a § 1983 claim. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.2002) (arrestee had no constitutional right to

---

[2] It does not appear that the Plaintiff is attempting to state a claim for malicious prosecution. Had he done so it, too, would fail because malicious prosecution has as an element the lack of probable cause which Plaintiff has failed to demonstrate as discussed *supra*. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor).

internal investigation of excessive force claim); Savage v. County of Stafford, Va., 754 F.Supp.2d 809 (E.D. Va. 2010) (deputy sheriff's alleged failure to document and investigate arrestee's alibi did not violate due process).

This action is dismissed without further leave to amend, as the Plaintiff was previously granted the opportunity to amend and is unable to state a claim. See generally United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted); Workman v. Morrison Healthcare, 724 F. App'x 280 (4th Cir. 2018) (where a district court has already afforded a plaintiff the opportunity to amend, it has the discretion to afford him another opportunity to amend, or dismiss the complaint with prejudice); Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020) (same).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 4] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: March 19, 2024

Frank D. Whitney
United States District Judge